IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADAMS LAND & CATTLE CO., | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV486 |
| | ) | |
| v. | ) | |
| | ) | |
| THE HARTFORD FIRE INSURANCE COMPANY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's amended motion for protective order (Filing No. 147).  Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, and having heard counsels' arguments, the Court finds plaintiff's motion should be denied.

Plaintiff seeks a protective order designating as privileged two documents that plaintiff inadvertently turned over to defendant during the course of discovery in this matter.  The first document is a March 15, 2006, memorandum ("ALCC Memo") drafted by Jerry Adams to Adams Land & Cattle Co. ("ALCC") counsel, summarizing a telephone conversation Jerry Adams had with ALCC veterinarian, Dr. Kee Jim.  The second document is a December 20, 2005, email ("ALCC Email") that James Wesley Robinson received, imbedded his own comments within, and forwarded to ALCC counsel, along with ALCC employees, Jerry Adams, Bill Adams and Jennifer Gestwite.  Plaintiff requests the Court to require defendant to destroy all copies of both the ALCC

Memo and ALCC Email; to prohibit defendant from using the ALCC Memo and ALCC Email in the course of litigation; and to prohibit defendant from using or referencing deposition testimony discussing the ALCC Memo and privileged portions of the ALCC Email.

Nebraska courts have not yet addressed the applicable standard to determine when the attorney-client privilege has been waived in the context of an inadvertent production of a privileged document; however, the Court finds that the so-called "middle of the road" approach set forth in *Hydraflow, Inc. v. Enidine Inc.*, 145 F.R.D. 626, 637 (W.D.N.Y. 1993), which has been followed by the Eighth Circuit Court, is the appropriate standard to apply.  The *Hydraflow* test is a five-step analysis which "strikes the appropriate balance between protecting attorney-client privilege and allowing, in certain situations, the unintended release of privileged documents to waive that privilege."  *Gray v. Bicknell,* 86 F.3d 1472, 1484 (8th Cir. 1996).  The *Hydraflow* factors are:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the extent of the disclosures, (4) the promptness of measures taken to rectify the disclosure, and (5) whether the overriding interest of justice would be served by relieving the party of its error.

*Gray*, 86 F.3d at 1484.  The Court has considered these factors as well as the written and oral arguments submitted by counsel and finds that plaintiff has waived the attorney-client privilege on both the ALCC Memo and the ALCC Email.  Plaintiff's counsel apparently became aware of its mistaken production of the ALCC Email during the June 12, 2007, deposition of Robinson, and of the ALCC Memo during the August 8, 2007, deposition of Dr. Jim.  However, it was not until September 11, 2007, that plaintiff's counsel contacted defendant's counsel via email to explain the inadvertent disclosures and request that Hartford destroy and agree not to use the documents or refer to the deposition testimony relating to these documents.  The Court finds that there is no overriding interest of justice that requires the Court to relieve plaintiff's counsel of its production errors.  Accordingly,

       IT IS ORDERED that plaintiff's amended motion for a protective order (Filing No. 147) is denied.

       DATED this 18th day of December, 2007.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court