```
                                                      FILED
                                                 U.S. DISTRICT COURT
                                                 DISTRICT OF NEBRASKA
        IN THE UNITED STATES DISTRICT COURT FOR THE
                                                 08 JAN 18 PM 1:18
                    DISTRICT OF NEBRASKA
                                                 OFFICE OF THE CLERK
```

| | | |
|---|---|---|
| ADAMS LAND & CATTLE CO., | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV486 |
| | ) | |
| v. | ) | |
| | ) | |
| THE HARTFORD FIRE INSURANCE COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion to compel filed by plaintiff (Filing No. 98) and the defendant's motion to compel (Filing No. 153). Each motion is supported by evidentiary materials filed on behalf of both parties, together with supporting briefs and reply briefs. The Court has reviewed all of the briefs, the evidentiary material, and has examined in part the documents for which the parties are claiming either an attorney-client or work product privilege. On December 13, 2007, the Court held a hearing on these motions, and will now address each of the two motions.

**Plaintiff's motion (Filing No. 98):**

In response to this motion and following the hearing and arguments of counsel on December 13, 2007, the Court requested and defendant has produced for the Court's examination those documents relating to defendant's attorney-client privilege claim. These documents are identified on a portion of defendant's privilege log attached to this opinion as Exhibit A.

These documents all relate to attorney Locher and members of his office. It is clear from the tenor of these documents that Mr. Locher and his office were acting in the capacity of attorneys for Hartford in this matter and that these documents are protected by the attorney-client privilege. Accordingly, the Court will deny plaintiff's motion with respect to the production of these documents.

In addition to the documents which defendant claims are protected by the attorney-client privilege, another series of documents identified in its privilege log, Exhibit B to this opinion, are claimed to be exempt from disclosure on the basis of the work product privilege. The Court has requested that these documents also be produced for its review. Due to a misunderstanding between the Court and Hartford's counsel, these have not yet been produced. As soon as they are, the Court will review them and determine whether or not they should be produced.

**Defendant's motion to produce (Filing No. 153):**

The defendant has moved the Court to compel the production of certain documents listed on plaintiff's privilege log. The plaintiff, pursuant to the Court's request, has produced copies of those documents which remained at issue following the hearing on December 13, 2007. They are identified as follows:

> July 19, 2007, list created by
> Gregory Scaglione and e-mailed to
> Drs. Jim and Reynolds.

In addition, the following documents relating to James Wesley Robinson: WR00004, WR00006-00007, WR00009-00016, WR00017-00018, and WR00050.

Document WR00050 was created prior to Mr. Robinson's departure from ALCC, and the Court understands that counsel for defendant does not dispute that this document is protected by the work product privilege. The Court has reviewed the other documents and believes they are all protected by the attorney work product privilege. Accordingly, the defendant's motion for their production will be denied.

The defendant also seeks production of certain documents that were delivered to counsel for the plaintiff by Lloyds of London. Lloyds was initially a defendant in this action, represented by the Gross, Welch law firm in Omaha. The plaintiff and Lloyds subsequently settled the plaintiff's claim as it related to Lloyds, resulting in a formal settlement agreement which the defendant seeks to have plaintiff produce. It is the Court's understanding that the settlement agreement has been furnished to defendant and is not a subject of this motion.

A number of other documents were also delivered to the plaintiff's law firm under an agreement apparently between Lloyds and plaintiff's counsel whereby Lloyds was identifying certain

documents which it claimed were privileged and should not be produced.

The underlying issue is whether or not the privilege which Lloyds may have claimed with respect to these documents survives their delivery to plaintiff's counsel as a result of the settlement, or whether that disclosure in effect waives any privilege and subjects the documents to discovery. All courts which have addressed the question agree that once a party discloses information protected by the attorney-client privilege to an outside party, the privilege is destroyed. *See United States v. Rockwell International*, 897 F.2d 1255, 1265 (3rd Cir. 1990). In *Republic of Philippines v. Westinghouse Electric Corp.*, 132 F.R.D. 384 (Sept. 1990), the District Court for the District of New Jersey discussed this question of waiver of privilege. It recognized that the majority rule is that once a party discloses information that was once protected by the attorney-client privilege, then the privilege is waived. It cites *In re Sealed Case*, 676 F.2d 793 (D.C. Cir. 1982), which held that the attorney-client privilege "is designed to protect communications between the client and an attorney, and required absolute secrecy, once the secrecy was broken, the privilege was lost." The Court went on to state that any other holding "would encourage a party to use the doctrine as a shield when it wished to keep information confidential, and a sword when it wished to

-4-

disclose the information to protect itself." In the *Republic of the Philippines* case, Westinghouse attempted to disclose the information to government officials, and at the same time, preserve its secrecy. This position was rejected by the New Jersey District Court.

An Eighth Circuit case, *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation*, 860 F.2d 844 (8th Cir. 1988), notes that disclosure of information to an adversary "waived the work product protection as to items actually disclosed, even where disclosure occurs in settlement." The Court believes that if Lloyds wished to protect the confidential nature of the documents which it had created in connection with its defense of the case brought by plaintiff, those documents should have either been kept by Lloyds or by its attorneys, Gross, Welch. Turning them over to plaintiff's attorneys, even with the stipulation that the confidentiality should be maintained waives the privilege, and the documents thereby become subject to production. Plaintiff's privilege claim is denied and defendant's motion for their production will be granted.

The second aspect of the defendant's motion which was argued on December 13, 2007, relates to material that the plaintiff has used to develop the weight losses which it claims it has sustained. Defendant's contention is that the material furnished to it is indecipherable or unuseable, and accordingly,

-5-

the Court should order the plaintiff to permit defendant to go to plaintiff's business site and view the material on plaintiff's computer system. The Court is not inclined to grant this motion. The plaintiff's obligation is to furnish defendant with the material which supports its claim for lost weight damages. The Court understood during argument that the experts for the plaintiff had been furnished with certain summary evidence which they could use to calculate and determine the propriety and amount of damages involved. While summaries are generally permissible, they can only be used if the underlying data from which the summaries were prepared are available in a useable form. Opinions based on summaries alone, without the supporting data from which the summaries were prepared, will not be permitted as the basis for an expert's opinion unless that supporting data has been produced and delivered to the defendant. The plaintiff can do this by insuring that the data it furnishes is the data used to prepare the summaries and is data in the form presented to defendant can be read and used by the defendant. Absent such supporting documentation, the summaries themselves would not be admissible in evidence.

    The Court believes this resolves the outstanding issues with respect to these two motions. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to compel production of the documents identified on Exhibit A to this opinion constituting that portion of defendant's privilege log as it relates to communications or documents created by the Locher law firm in connection with its representation of the defendant is denied.

2) Plaintiff's motion as it relates to certain documents created prior to an evaluation of the loss sustained by the plaintiff and which are set forth in Exhibit B which is a portion of defendant's privilege log is reserved pending the Court's review of the documents identified in that portion of the defendant's privilege log.

3) Defendant's motion to compel production of certain documents contained in its privilege log which have been identified in this opinion is denied;

4) Defendant's motion to compel production of documents delivered by Lloyds to counsel for plaintiff is granted. Those documents will be produced within ten days of this order.

5) Defendant's motion for permission to view plaintiff's computer system is denied.

DATED this 18th day of January, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court